# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

KEVIN L. WILLIAMS,

       *Petitioner*,

    v.

ROBERT MAY; ATTORNEY
GENERAL OF THE STATE OF
DELAWARE,

       *Respondents*.

No. 1:19-cv-01035-SB

---

Kevin L. Williams, Smyrna, Delaware.

*Pro Se.*

Elizabeth Roberts McFarlan, DELAWARE DEPARTMENT OF JUSTICE, Wilmington, Delaware.

*Counsel for Respondents.*

---

### MEMORANDUM OPINION

June 4, 2021

BIBAS, *Circuit Judge*, sitting by designation.

A Delaware jury convicted Kevin Williams of several sex crimes. He now claims that his conviction was tainted by ineffective assistance of counsel—at trial, on appeal, and in state postconviction proceedings. But the state court reasonably applied controlling precedent in rejecting Williams's trial-based claims. He procedurally defaulted his appellate-counsel claims. And the Antiterrorism and Effective Death Penalty Act (AEDPA) forbids granting habeas relief for ineffectiveness of counsel during postconviction proceedings. 28 U.S.C. § 2254(i). So I will deny his petition.

## I. BACKGROUND

Kevin Williams sexually assaulted his daughters for many years. *State v. Williams*, 2018 WL 3211962, at *1 (Del. Super. June 29, 2018). Late in 2011, those daughters (Jean and Ava Smith, both pseudonyms) told the Delaware State Police about that abuse. *Id.* They gave graphic accounts of their traumatic experiences. *Id.* at *1–2.

Based on the girls' reports, a grand jury indicted Williams on nineteen counts of Unlawful Sexual Contact in the First Degree and one count of Continuous Sexual Abuse of a Child. *Id.* at *2. The nineteen counts of Unlawful Sexual Conduct were identical: they used the same words, stated the same date range (August 1, 2002 to June 30, 2003), and alleged the same child victim (Jean Smith).

The State later reindicted Williams. *Id.* The reindictment kept the same language but changed two of the counts of Unlawful Sexual Contact to include Ava as a second victim. *Id.* And it expanded the date ranges to end as late as June 30, 2008. *Id.* The State later moved to amend the reindictment, and Williams's counsel did not object.

*Id.* So the trial court granted the motion, letting the State amend the dates of the two counts. *Id.*

The case went to trial, but on only six counts: three of Unlawful Sexual Contact with Jean Smith, two of Unlawful Sexual Contact with Ava Smith, and one of Continuous Sexual Abuse of a Child, Jean Smith. *Id.* at *3. The State decided not to prosecute the remaining thirteen counts. *Id.*

The trial spanned four days. *Id.* Each daughter testified, and Williams took the stand in his defense. *Id.* The evidence focused on five specific encounters between Williams and one of his daughters. *Id.* at *1, *3. Williams did not dispute that the events themselves occurred: that, for instance, he went for a walk in Monkey Hill with Ava. *Id.* at *2–3. He just denied that any sexual contact occurred during those events. *Id.* at *3. But the jury disagreed, finding him guilty on each count. The Supreme Court of Delaware affirmed the conviction. *Williams v. State*, 100 A.3d 1022 (Table), 2014 WL 4179121 (Del. 2014).

Represented by counsel, Williams sought state postconviction relief. He raised two claims of ineffective assistance of counsel: one for failing to file a bill of particulars, the other for failing to object to the motion to amend the reindictment. *State v. Williams*, No. 1204002559, 2017 WL 5068570, at *1–2 (Del. Super. Ct. Oct. 30, 2017).

A state Commissioner held an evidentiary hearing on the claims, taking testimony from Williams's counsel. *Id.* at *2. The Commissioner recommended denying Williams's petition. *Id.* at *7. Williams filed objections with the Superior Court, which reviewed the recommendation de novo and adopted it. *Williams*, 2018 WL 3211962,

at *4, *9. Williams appealed up to the Supreme Court of Delaware, which "affirmed on the basis of and for the reasons stated in [the Superior Court's] Memorandum Opinion." *Williams v. State*, 204 A.3d 841 (Table), 2019 WL 549260, at *1 (Del. 2019).

Williams now files this federal habeas petition. He seeks § 2254(d) relief on his two previous ineffective-assistance-of-trial-counsel claims, plus on a new claim relating to ineffective assistance of appellate and postconviction counsel. Petition at 5, 7, 9, D.I. 1. Each fails.

## II. WILLIAMS'S TRIAL COUNSEL WAS NOT INEFFECTIVE

Williams exhausted his claims of ineffective trial counsel below. Now, under AEDPA, Williams must show not just that the state court was wrong, but that its ruling either "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law" or "resulted in a decision that was based on an unreasonable determination of the facts." § 2254(d). For ineffective-assistance-of-counsel claims, the clearly established federal law is the rule of *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires two showings: "that … counsel provided deficient assistance and that there was prejudice as a result." *Harrington v. Richter*, 562 U.S. 86, 104 (2011). Deficient performance is an objective standard, and hard to prove: courts start with a "strong presumption" that counsel's performance was reasonable. *Id.* (quoting *Strickland*, 466 U.S. at 689). And prejudice requires a reasonable probability that, but for counsel's error, the result of the trial would have been different. *Id.* at 104.

Proving that a state court's application of *Strickland* was unreasonable under § 2254(d) is an even higher hurdle. *Id.* "The standards created by *Strickland* and

4

§ 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Id.* at 105 (internal citations and quotation marks omitted). Williams does not overcome double deference.

## A. The state court reasonably applied *Strickland* to Williams's claim that trial counsel should have requested a bill of particulars

The Superior Court dealt with this claim thoroughly. After correctly laying out the *Strickland* standard, it explained why Williams's claim failed on both prongs. *Williams*, 2018 WL 3211962, at *4. That analysis was reasonable.

Start with the first prong. The Superior Court correctly found that counsel's performance was not objectively unreasonable. First, it found that a Bill of Particulars would have been unnecessary. It explained that this document "provides supplemental information when an indictment does not inform the defendant of the facts and charges against him to sufficiently enable [him] to prepare his defense." *Id.* at *5. But, it noted, Williams's counsel knew the facts and evidence that the State was planning to use; indeed, he said so at the evidentiary hearing. *Id.* at *6–7. Second, the Superior Court found that trial counsel's decision was strategic. *Id.* He thought the request would be denied, and he was making good headway negotiating with the State. *Id.* He did not want to squander any goodwill with a baseless motion. *Id.* (That seems to have been a good call: the State ended up not prosecuting thirteen extra counts.)

That first prong would be enough for any court to deny relief under *Strickland*—and thus for me to deny habeas relief under § 2254(d). But the Superior Court was thorough. In the alternative, it assessed the second *Strickland* prong. It properly

5

explained that the defendant must show a reasonable probability that, but for counsel's mistakes, the outcome of the proceeding would have been different. *Id.* (quoting *Strickland*, 466 U.S. at 694). And it found that Williams did not meet this burden *Id.*

On this record, I cannot grant habeas relief. The Superior Court "correctly identifie[d] *Strickland* as the controlling legal authority and, applying that framework, reject[ed] the prisoner's claim." *Williams v. Taylor*, 529 U.S. 362, 406 (2000). Its decision was not "contrary to" clearly established law. *Id.* at 405–06. And for the same reasons why the court's ruling on performance was reasonable, I find nothing "objectively unreasonable" about its application of the prejudice prong to these facts. *Id.* at 409.

## B. The state court reasonably applied *Strickland* to Williams's claim that trial counsel should have objected to the motion to amend

Williams's second ineffective-assistance-of-trial-counsel claim fares no better. Far from warranting habeas relief, the Superior Court's analysis of this challenge was sound. The amended reindictment changed certain dates for when the alleged abuse occurred. *Williams*, 2018 WL 3211962, at *2. But "trial counsel testified that the dates in the indictment had very little bearing, if any, on [his] defense strategy." *Id.* at *8. True, the Superior Court acknowledged, "a change in dates may have been significant had [Williams] offered a different strategy to his defense. For example, the dates would have been critical if [Williams] was preparing to present alibi witnesses at trial." *Id.* But he was not. "Instead, [Williams] did not dispute the underlying *events* of any of these allegations, denying only that anything sexual had occurred. [Williams] himself testified to that effect at trial." *Id.* (emphasis in original). Thus, "[a]ny

6

change related to the dates would therefore have had no impact on the defense strategy." *Id.*

None of this was contrary to or an unreasonable application of *Strickland*. Section 2254(d) provides Williams with no relief.

### III. WILLIAMS'S CLAIMS ABOUT INEFFECTIVE APPELLATE AND POSTCONVICTION COUNSEL FAIL

For the first time on federal habeas, Williams contends that he received ineffective assistance from both his appellate and postconviction counsel. But I cannot grant relief on either claim.

### A. Williams procedurally defaulted his claim of ineffective assistance of appellate counsel

I cannot consider this claim, as Williams procedurally defaulted it. As he acknowledges, he did not try to raise this issue in state court. Petition at 11. He cannot go back and cure that fatal error now: too much time has passed and any new motion for postconviction relief would be barred as successive. *See* Del. Super. Ct. Crim. R. 61(i)(1)–(2).

To his credit, Williams recognizes that this is a problem. But he argues that *Martinez v. Ryan*, 566 U.S. 1 (2012), solves it. Not so. The Supreme Court has specifically exempted ineffective-assistance-of-appellate-counsel claims from *Martinez*'s scope. *Davila v. Davis*, 137 S. Ct. 2058, 2062–63, 2065 (2017). So I cannot consider this claim.

## B. AEDPA bars claims of ineffective assistance of postconviction counsel

Williams also brings a claim of ineffective assistance of postconviction counsel. But AEDPA bars such claims: "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i); *see also Coleman v. Thompson*, 501 U.S. 722, 752 (1991) ("There is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." (citation omitted)). So this claim cannot succeed.

\* \* \* \* \*

The Superior Court reasonably assessed Williams's claim and correctly applied controlling law. Far from warranting habeas relief, its analysis was reasonable and applied controlling precedent. I will deny Williams's petition. And because no reasonable jurist could disagree, I will not issue a certificate of appealability. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).